

**THE QUINN LAW FIRM**

399 KNOLLWOOD ROAD, SUITE 220
WHITE PLAINS, NEW YORK 10603
Tel: 914.997.0555
~~4~~.997.0550

> Application granted. This dispute will also be discussed at the conference scheduled for May 5, 2026. Defendant is directed to submit the subject documents in unredacted form, highlighted as appropriate to display that which has been redacted, by emailing them in camera to HalpernNYSDChambers@nysd.uscourts.gov by noon on May 1, 2026. To the extent a privilege log has been produced, Defendant shall include it as an attachment to the same email.
>
> SO ORDERED.
>
> _[signature]_
>
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>        April 30, 2026

**Via ECF**

Hon. Philip M. Halpern
United State District Judge
United States District Court for the
Southern District of New York
300 Quarropas Street
White Plains, NY  10601

Re:    City of New Rochelle v. U.S. Specialty Insurance Company
       25-CV-08532 (PMH)

Dear Judge Halpern:

We represent plaintiff City of New Rochelle (the "City") in the referenced action.  We respectively submit this letter concerning a discovery dispute concerning certain redactions made by defendant U.S. Specialty Insurance Company's ("USSIC") in responding to the City's document demand.  Counsel have met and conferred regarding this dispute via a conference call and an exchange of emails, however, the Court's assistance is required to resolve the dispute. USSIC consents to the submission of this letter.

The documents in question include (i) portions insurance claims files (Bates Nos. 908-909, 2627-2628. 3357-3359, 4073-4076), which USSIC has represented refer to communications with outside counsel and inside counsel concerning legal advice; and (ii) communications with outside counsel for USSIC (Bates Nos. 2672, 3394).  USSIC has asserted the attorney-client privilege to justify the redaction of these documents, as USSIC contends that they contain reference to the solicitation or provision of legal advice. USSIC also contends that the documents are not relevant to USSIC's decision to disclaim coverage, because counsel was contacted after the decision to deny coverage had already been made by USSIC.  However, the City contends that based on their timing and context within the overall document production, it appears that the documents are relevant to the decision by which USSIC came to the decision to disclaim insurance coverage.  The City, therefore, contends that the assertion of privilege is not appropriate. *See, e.g., 99 Wall Dev., Inc. v. Allied World Specialty Ins. Co.*, 2019 U.S. Dist. LEXIS 100454, *14 (S.D.N.Y. 2019); *AIU Ins. Co. v. TIG Ins. Co.*, 2008 U.S. Dist. LEXIS 66370, *35 (S.D.N.Y. 2008).

Counsel for the City requests that the Court review unredacted versions of the documents in question *in camera* and make a ruling on whether or not USSIC's assertion of attorney-client privilege is appropriate.  If the Court is amenable to this request, counsel for USSIC will submit unredacted copies for the Court's *in camera* review.  We also request that this issue be placed on the agenda for the conference currently scheduled May 5, 2026.

Hon. Philip A. Halpern
April 30, 2026
Page 2

Respectfully submitted,

THE QUINN LAW FIRM PLLC
Attorneys for the City of New Rochelle

Lalit K. Loomba

399 Knollwood Road, Suite 220
White Plains, NY  10603
(914) 997-0555
Lloomba@quinnlawny.com